UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA III,<br><br>    Plaintiff,<br><br>    v.<br><br>SERGEANT GRAVES, et al.,<br><br>    Defendants. | 1:16-cv-00234-GSA-PC<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br><br>(ECF No. 1.)<br><br>THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT |

**I.   BACKGROUND**

Plaintiff Monico J. Quiroga III ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On February 19, 2016, Plaintiff filed the Complaint commencing this action, which is now before the Court for screening. (ECF No. 1.)[1]

---

[1] On February 29, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## II. SUMMARY OF ALLEGATIONS IN THE COMPLAINT

At the time of the events at issue in the Complaint, Plaintiff was in custody at the Kern County Pretrial Services Facility (KCPS) in Bakersfield, California. Plaintiff names as defendants Kern County Sheriff's officers: Sergeant Graves, Corporal Fuentes, Corporal Madera, and Officer Gauze.

Plaintiff's allegations follow. On January 9, 2016, Sergeant Graves and other officers searched F-1, and when the inmates got in, two inmates started to fight downstairs. Plaintiff

was on the top tier in front of cell 7107. The inmates were yelled at to enter their cells. Upon entering his cell, Plaintiff was shot at with two rounds of pepper balls which struck his cell door. Plaintiff looked out of the window and Sergeant Graves continued to yell. Plaintiff was upstairs and the fight was downstairs so there was no threat. Plaintiff was then placed in administrative segregation for no reason. He was not involved in the altercation. The cell, D-610, was full of blood and feces on the wall and floor.

Plaintiff requests injunctive relief.

### III. PLAINTIFF'S CLAIMS

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011). Plaintiff's complaint does not specify the legal grounds for his constitutional claims. Therefore, the Court will address what appear to be possible bases for his claims in light of the nature of his allegations.

#### A. Due Process Claim

When a detainee challenges some aspect of his pretrial detention that is not alleged to violate any express guarantee of the Constitution, the issue to be decided is the detainee's right under the Due Process Clause to be free from punishment. Bell v. Wolfish, 441 U.S. 520, 533 (1979). While the Due Process Clause protects pretrial detainees from punishment, not every disability imposed during pretrial detention constitutes "punishment" in the constitutional

sense. Id. at 537. Even if a restriction or condition may be viewed as having a punitive effect on a pretrial detainee, it is nonetheless constitutional if (1) there was no express intent to punish, (2) the restriction or condition is rationally connected to an alternative purpose, and (3) the restriction or condition is not excessive in relation to the alternative purpose. Id. at 538-39. Among the legitimate objectives recognized by the Supreme Court are ensuring a detainee's presence at trial and maintaining safety, internal order, and security within the institution. Id. at 540.

A pretrial detainee may not be subjected to disciplinary action without a due process hearing to determine whether he has in fact violated a jail rule. Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996); see also Bell, 441 U.S. at 535 (Fourteenth Amendment's Due Process Clause protects detainees from punishment prior to conviction); Wolff v. McDonnell, 418 U.S. 539, 564-565 (1974) (setting forth due process requirements for hearing prior to disciplinary action). Once a detainee has been placed in Ad-Seg, "prison officials must conduct some sort of periodic review of the confinement . . . ." Madrid v. Gomez, 889 F. Supp. 1146, 1278 (N.D. Cal. 1995).

Plaintiff alleges that he was placed in administrative segregation for no reason. However, Plaintiff's exhibits to the Complaint appear to contradict his assertion that there was no reason for his confinement in administrative segregation.[2] The detention facility's response to Plaintiff's January 9, 2016 grievance states:

> Although you were not involved in the altercation where the two inmates were fighting you caused your own disturbance. In reviewing the incident report and talking with staff that were on scene you left out the fact that you were inciting staff. By yelling fuck you and 25 you brought attention towards yourself which required a response. Based on your actions you were found to be unfit for general population housing at that time. We can't allow anyone to incite staff then remain in their housing. Based on your actions the result was you were re-classified to ad-seg status and rehoused. If you want the option to house in general population housing again you will need to follow the in custody rules and orders from staff. Classification staff will review your status at a minimum of every 30 days.

---

[2] Under Rule 10 of the Federal Rules of Civil Procedure, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes. Fed. R. Civ. P. 10(c). Therefore, Plaintiff's exhibits are part of his Complaint.

(ECF No. 1 at 9.)  Plaintiff shall be afforded an opportunity to amend the Complaint to address this discrepancy.[3]  Moreover, Plaintiff has not indicated in the Complaint whether he was given a hearing before he was subjected to disciplinary action.  Accordingly, Plaintiff fails to state a cognizable due process claim under § 1983.

### B. Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."  Anderson v. Cnty. of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995); see also Johnson v. Lewis, 217 F.3d 726, 731-32 (9th Cir. 2000); Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985).

"[P]retrial detainees . . . possess greater constitutional rights than prisoners."  Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987).  A pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, but courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pre-trial detainees.  See Pierce v. Cnty. of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008); Lolli v. Cnty. of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003); Or. Advocacy Ctr. v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003); Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996); Anderson, 45 F.3d at 1312-13; Maddox v. City of Los Angeles, 792 F.2d 1408, 1414-15 (9th Cir. 1986).

---

[3] The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.  See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

Plaintiff alleges that he was placed in a cell "full of blood and feces on the wall and floor." (Complaint, ECF No. 1 at 4 ¶IV.)  This allegation, without more, is not sufficient to state a claim against any of the Defendants.  Plaintiff has not alleged facts demonstrating that any named Defendant was personally involved in placing him in the cell, that the Defendant knew the cell was unsanitary, or that Plaintiff suffered any injury as a result.  Plaintiff also does not indicate how long he was held in the cell.  In order to state a claim under § 1983 for adverse conditions of confinement, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.  Lemire, 726 F.3d at 1074-75; Starr, 652 F.3d at 1205-08.  Here, Plaintiff has not done so.  Therefore, Plaintiff fails to state a claim under § 1983 for adverse conditions of confinement.

### C.    Injunctive Relief

Plaintiff requests only injunctive relief in the Complaint.  Plaintiff's request for relief demands that KCPS officers be investigated and demoted or fired, that officers refrain from retaliating against him, that he be placed back in the general population, that he receive an incident report, and that he see the doctor for health concerns from being placed in a filthy cell.

To the extent that Plaintiff seeks a court order directing the actions of officials at KCPS against Plaintiff, the Court does not have jurisdiction to grant such relief now that Plaintiff is incarcerated at High Desert State Prison.[4]  Unless Plaintiff is returned to KCPS, he is not subject to conduct by officials there.

Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff may be confined to seeking money damages for the violations of his federal rights.  The injunctive relief requested would not remedy any of the claims upon which this action proceeds.

///

---

[4] When an inmate seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions.  Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

## IV. CONCLUSION

The Court finds that Plaintiff's Complaint fails to state any cognizable claim upon which relief may be granted under § 1983. The Court will dismiss this Complaint and give Plaintiff leave to amend to file an amended complaint addressing the issues described above. The amended complaint should only name as defendants any individuals who directly caused Plaintiff harm and explain what each defendant knew and did or failed to do, resulting in the violation of Plaintiff's rights.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days if she chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of her rights by their actions. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

///

2. Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:16-cv-00234-GSA-PC; and

4. If Plaintiff fails to file an amended complaint within 30 days, the Court will dismiss Plaintiff's case for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated:   **November 29, 2016**          **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE