UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA III, | 1:16-cv-00234-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION TO ADD JURISDICTION |
| v. | (ECF No. 24.) |
| SERGEANT GRAVES, et al., | ORDER GRANTING LEAVE FOR PLAINTIFF TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS, IF HE SO WISHES |
| Defendants. | |
| | ORDER FOR CLERK TO SEND PLAINTIFF CIVIL COMPLAINT FORM |
| | ORDER DENYING REQUEST FOR COPIES (ECF. No. 29.) |

**I.    BACKGROUND**

Monico J. Quiroga III ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On February 19, 2016, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)[1] On November 29, 2016, the court dismissed the Complaint for failure to state a claim, with leave to amend. (ECF No. 20.) On

---

[1] On February 29, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

December 23, 2016, Plaintiff filed the First Amended Complaint, which awaits the court's requisite screening. (ECF No. 21.)

On February 27, 2017, Plaintiff filed a motion to add jurisdiction. (ECF No. 24.) On March 22, 2017, Plaintiff requested a copy of the First Amended Complaint. (ECF No. 29.)

## II.  MOTION TO ADD JURISDICTION

Plaintiff has filed a motion to add jurisdiction. To the extent that Plaintiff seeks to add information to the First Amended Complaint, Plaintiff may not add information in this manner.

Local Rule 220 provides:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading. Permission may be obtained from the Court, if desired, for the removal of any exhibit or exhibits attached to a superseded pleading, in order that the same may be attached to the changed pleading.

Under Rule 220, Plaintiff may not amend the First Amended Complaint by adding information after the First Amended Complaint has been filed. To add information or make a correction to the First Amended Complaint, Plaintiff must file a Second Amended Complaint which is complete in itself.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Here, because Plaintiff has already amended the complaint, Plaintiff requires leave of court to file a Second Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan,

Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

The court finds no bad faith or futility in Plaintiff's proposed amendment. Because the First Amended Complaint awaits the court's requisite screening and has not been served, there will be no undue delay or prejudice to Defendants in allowing Plaintiff to file a Second Amended Complaint at this stage of the proceedings. Therefore, Plaintiff shall be granted leave to file a Second Amended Complaint making the change he proposes, within thirty days, if he so chooses. If Plaintiff chooses to amend the complaint he must include all of his allegations and claims in the Second Amended Complaint. If Plaintiff does not file a Second Amended Complaint within thirty days, the court shall assume that Plaintiff does not wish to file a Second Amended Complaint and instead wishes to proceed with the First Amended Complaint.

## III.    REQUEST FOR FREE COPY

Plaintiff requests a free copy of his First Amended Complaint. Plaintiff is advised that the Clerk does not ordinarily provide free copies of case documents to parties. The Clerk charges $.50 per page for copies of documents. See 28 U.S.C. § 1914(a). Copies of up to twenty pages may be made by the Clerk's Office at this court upon written request and prepayment of the copy fees. The fact that the court has granted leave for Plaintiff to proceed in forma pauperis does not entitle him to free copies of documents from the court.

Plaintiff was advised in this court's First Informational Order issued on February 22, 2016, that "[i]f a party wants a file−stamped copy of a document returned for the party's own benefit, a copy for that purpose and a pre−addressed, pre−paid postage envelope must be included. The Court will not make copies of filed documents or provide postage or envelopes for free even for parties proceeding in forma pauperis." (First Informational Order, ECF No. 3 at 3 ¶I.)

Plaintiff has not shown good cause for the court to send him free copies. Plaintiff has not explained why he requires a copy of the First Amended Complaint or why he is unable to pay copy fees. Plaintiff simply requests a copy. The First Amended Complaint is 15 pages long. To request a copy at this stage of the proceedings, Plaintiff must submit a request in

writing to the Clerk, along with a self-addressed large envelope affixed with sufficient postage, and prepayment of copy costs to the Clerk.  **Plaintiff is advised that in the future, he should keep a copy of any document he submits to the court.**  Based on the foregoing, Plaintiff's request for copies shall be denied.

## IV.     CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to add jurisdiction, filed on February 27, 2017, is DENIED;
2. Plaintiff is GRANTED leave to file a Second Amended Complaint, if he so chooses, within thirty days from the date of service of this order;
3. The Clerk is directed to send Plaintiff a civil rights complaint form;
4. If Plaintiff fails to file a Second Amended Complaint within thirty days, the court shall assume that Plaintiff does not wish to file a Second Amended Complaint and instead wishes to proceed with the First Amended Complaint; and
5. Plaintiff's request for free copies, filed on March 22, 2017, is DENIED.

IT IS SO ORDERED.

Dated:   **March 24, 2017**                    **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE