UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA III,<br><br>    Plaintiff,<br><br>v.<br><br>SERGEANT GRAVES, et al.,<br><br>    Defendants. | 1:16-cv-00234-GSA-PC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND (ECF No. 21.)**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT** |

**I.  BACKGROUND**

Plaintiff Monico J. Quiroga III ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On February 19, 2016, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On November 29, 2016, the court issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 20.) On December 23, 2016, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 21.)[1]

---

[1] On February 29, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

1

## II. SCREENING REQUIREMENT

The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

///

**III. SUMMARY OF ALLEGATIONS IN THE FIRST AMENDED COMPLAINT**

At the time of the events at issue in the First Amended Complaint, Plaintiff was a pretrial detainee at the Lerdo Detention Facility (Lerdo) in Bakersfield, California, in the custody of the Kern County Sheriff. Plaintiff names as defendants Sergeant (Sgt.) Graves, Classification Corporal O. Fuentes, Sheriff Corporal Madera, and Classification Sheriff Gause.

Plaintiff's allegations follow. On January 9, 2016, while Plaintiff was being held as a pretrial detainee, defendant Sgt. Graves and other officers searched F-1. Upon entering, Sgt. Graves advised the inmates to enter their cells, which Plaintiff did. Two inmates began to fight on the other side of the Sergeant. Sgt. Graves turned and opened fire on Plaintiff as he was entering his cell on the top tier, with his back to her (Graves). Plaintiff was not involved in the altercation. There was no reason for Plaintiff to be fired upon with two shots from Sgt. Graves' pepper ball gun, except as retaliation against Plaintiff for past filing of petitions or grievances. Plaintiff was not involved in, nor anywhere near the fight. He was on the top tier 15 or 20 feet from Sgt. Graves with his back to her, and 30 to 40 feet from the altercation.

Plaintiff was moved by defendants, Corporal Fuentes and Officer Gause, into an unsanitary cell with blood, feces, and urine on the wall and floor, unit D-610, for 10 days. Plaintiff caught a cold due to the unsanitary conditions and was tested for H.I.V. and Hepatitis due to the conditions. Plaintiff was released back to the population after 10 days. Plaintiff believes this detention was in retaliation for his petition and grievance for harassment by defendants Fuentes and Gause, federal civil suit 1:15-CV-01697-AWI-MJS (PC).

Plaintiff requests monetary damages, a declaratory judgment, preliminary injunctive relief, and appointment of counsel.

///
///
///
///
///
///

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

### A. Defendant Madera – Linkage Requirement

Plaintiff names Sheriff Corporal Madera as a defendant. Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under

section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676. Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Id. at 676-77; Lemire, 726 F.3d at 1074-75; Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr, 652 F.3d at 1205-08.

Here, Plaintiff has not linked any conduct by defendant Madera to a violation of Plaintiff's rights. Plaintiff does not allege that defendant Madera did anything for which to be held liable under § 1983. Therefore, Plaintiff fails to state any claims against defendant Madera under § 1983.

### B. Due Process Claim

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id.

A pretrial detainee may not be subjected to disciplinary action without a due process hearing to determine whether he has in fact violated a jail rule. Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996); see also Bell, 441 U.S. at 535 (Fourteenth Amendment's Due Process Clause protects detainees from punishment prior to conviction); Wolff v. McDonnell, 418 U.S. 539, 564-565 (1974) (setting forth due process requirements for hearing prior to disciplinary action). Wolff requires that jail authorities allow an inmate who faces disciplinary proceedings and whose liberty interest is threatened to call witnesses in his defense, when permitting him to do so will not be unduly hazardous to institutional safety and correctional concerns. Mitchell v.

Dupnik, 75 F.3d 517, 525 (9th Cir. 1996) (citing Wolff, 418 U.S. at 566, 94 S.Ct. at 2979.) Once a detainee has been placed in Ad-Seg, "prison officials must conduct some sort of periodic review of the confinement . . . ." Madrid v. Gomez, 889 F. Supp. 1146, 1278 (N.D. Cal. 1995).

Plaintiff alleges that he was detained in an unsanitary cell for 10 days after an incident in which two other inmates in his unit were involved in an altercation. Plaintiff alleges that he was not involved in the altercation and should not have been disciplined. Plaintiff has not clearly alleged in the First Amended Complaint whether he was given a due process hearing, whether he was allowed to call witnesses in his defense, prior to him being subjected to disciplinary action. Before the court can determine if Plaintiff states a due process claim, Plaintiff must discuss the process that was followed before he was disciplined. Under the allegations in the First Amended Complaint, Plaintiff fails to state a cognizable due process claim under § 1983. Plaintiff shall be granted another opportunity to amend the complaint, to clarify whether his rights to due process were violated.

### C. **Conditions of Confinement**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." Anderson v. Cnty. of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995); see also Johnson v. Lewis, 217 F.3d 726, 731-32 (9th Cir. 2000); Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985).

"[P]retrial detainees . . . possess greater constitutional rights than prisoners." Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987). A pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, but courts borrow from Eighth Amendment jurisprudence

when analyzing the rights of pre-trial detainees. See Pierce v. Cnty. of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008); Lolli v. Cnty. of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003); Or. Advocacy Ctr. v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003); Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996); Anderson, 45 F.3d at 1312-13; Maddox v. City of Los Angeles, 792 F.2d 1408, 1414-15 (9th Cir. 1986).

To state a claim against a defendant for adverse conditions of confinement using Eighth Amendment standards, Plaintiff must allege facts showing that the defendant was deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost, 152 F.3d at 1128. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer, 511 U.S. at 834. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731. Second, the defendant must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837.

Here, Plaintiff alleges that defendants Fuentes and Gause moved Plaintiff into an unsanitary cell, with blood, urine, and feces on the wall and floor, where he was detained for 10 days. Plaintiff reports that he caught a cold due to the unsanitary conditions, and he was tested for HIV and Hepatitis due to the conditions. Plaintiff has established that the unsanitary conditions were sufficiently serious. However, Plaintiff's factual allegations in the First Amended Complaint are not sufficient to show that any of the individual Defendants knew that Plaintiff faced a substantial risk of serious harm and consciously disregarded that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

Therefore, Plaintiff fails to state a claim for adverse conditions of confinement under the Fourteenth Amendment. Plaintiff shall be granted another opportunity to amend the complaint, to cure the deficiencies found in this claim.

**D.    Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).

As discussed by the Ninth Circuit in Watison v. Carter:

> "A retaliation claim has five elements. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).
>
> Second, the plaintiff must claim the defendant took adverse action against the plaintiff. Id. at 567. The adverse action need not be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere *threat* of harm can be an adverse action...." Brodheim, 584 F.3d at 1270.
>
> Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. See Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108–09 (7th Cir. 1987).
>
> Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. Id. at 569.
>
> Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984)."

Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012).

The court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (9th Cir. 1995) (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

Plaintiff alleges that Sgt. Graves shot at him, and that defendants Fuentes and Gause placed him in detention, in retaliation for Plaintiff exercising his rights to file petitions, grievances and court actions. Plaintiff satisfies the first element of a retaliation claim because shooting at Plaintiff and detaining him in an unsanitary cell are unquestionably adverse actions. Plaintiff also satisfies the third element of a retaliation claim by his allegation that he filed grievances, petitions, and a court action. However, Plaintiff fails to satisfy the second element of a retaliation claim because he has not shown that the adverse actions were taken *because* of the grievances, petitions, or court action. To state a claim for retaliation, Plaintiff must allege facts showing a connection between his exercise of protected rights and the adverse actions taken against him. Furthermore, Plaintiff has not alleged that the adverse actions chilled the exercise of his First Amendment rights or that the adverse actions did not reasonably advance a legitimate correctional goal. Accordingly, Plaintiff fails to state a claim for retaliation.

### E. Injunctive and Declaratory Relief

Besides monetary damages, Plaintiff requests preliminary injunctive relief in the First Amended Complaint. To the extent that Plaintiff seeks a court order directing the actions of officials at Lerdo Detention Facility, the court does not have jurisdiction to grant such relief now that Plaintiff is incarcerated at High Desert State Prison.[2] Unless Plaintiff is returned to Lerdo, he is not subject to conduct by officials there. Furthermore, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

---

[2] When an inmate seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

> "[T]he court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief."

18 U.S.C. § 3626(a)(1)(A).

Plaintiff also requests a declaratory judgment. Such relief is subsumed by Plaintiff's damages claim. See Rhodes, 408 F.3d at 565-66 n.8 (because claim for damages entails determination of whether officers' alleged conduct violated plaintiff's rights, the separate request for declaratory relief is subsumed by damages action); see also Fitzpatrick v. Gates, No. CV 00-4191-GAF (AJWx), 2001 WL 630534, at *5 (C.D. Cal. Apr. 18, 2001) ("Where a plaintiff seeks damages or relief for an alleged constitutional injury that has already occurred declaratory relief generally is inappropriate[.]")

Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff is confined to seeking money damages for the violations of his federal rights.

### F. Motion For Appointment Of Counsel

Plaintiff requests court-appointed counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. At this stage of the proceedings, the court cannot determine that Plaintiff is likely to prevail on the

merits. The court has found that Plaintiff fails to state a claim in the First Amended Complaint, and by this order Plaintiff shall be granted leave to file a Second Amended Complaint. Thus, at this juncture there is no complaint on file for which this case can proceed. Plaintiff's claims do not appear complex, and Plaintiff appears able to adequately articulate his claims. Therefore, Plaintiff's motion for appointment of counsel shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

## V. CONCLUSION

The court finds that Plaintiff's First Amended Complaint fails to state any cognizable claim upon which relief may be granted under § 1983. The court will dismiss the First Amended Complaint and give Plaintiff leave to amend to file another amended complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the court will provide Plaintiff with time to file a Second Amended Complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file a Second Amended Complaint within thirty days. The amended complaint should only name as defendants any individuals who directly caused Plaintiff harm and explain what each defendant knew and did or failed to do, resulting in the violation of Plaintiff's rights.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of her rights by their actions. Id. at 934 (emphasis added).

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey, 693 F 3d. at 907 n.1, and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The

///

11

amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint is dismissed for failure to state a claim, with leave to amend;
2. Plaintiff's motion for appointment of counsel is denied, without prejudice;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Plaintiff is granted leave to file a Second Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;
5. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:16-cv-00234-GSA-PC; and
6. If Plaintiff fails to file a Second Amended Complaint within 30 days, the court will dismiss Plaintiff's case for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated: **September 29, 2017**      **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE