UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA III, | 1:16-cv-00234-DAD-GSA-PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED** |
| v. | **(ECF No. 41.)** |
| SERGEANT GRAVES, et al., | |
| Defendants. | **OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I. BACKGROUND

Monico J. Quiroga III ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 19, 2016. (ECF No. 1.) Plaintiff's Third Amended Complaint, filed on March 30, 2018, awaits the court's screening under 28 U.S.C. § 1915A. (ECF No. 41.)

On July 26, 2018, Plaintiff filed a motion for preliminary injunction. (ECF No. 41.)

## II. PRELIMINARY INJUNCTION

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id.

at 374 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983);  Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.

Plaintiff alleges nonstop harassment by the Kern County Sheriffs Gang & Narcotics Task Force and claims that his "sphere of intellect" has been invaded using the military tactic of sense deprivation. (ECF No. 41.)  To the extent that Plaintiff seeks a court order enjoining members of the Kern County Sheriffs Gang & Narcotics Task Force from acting against him, the court lacks jurisdiction to issue such an order.  At the time of the events at issue in this case Plaintiff was a pretrial detainee at the Kern County Sheriff's Detention Facility (Detention Facility) in Bakersfield, California.  Plaintiff is currently incarcerated at High Desert State Prison in Susanville, California, in the custody of the California Department of Corrections and Rehabilitation.  Plaintiff's motion for preliminary injunctive relief against officials at the Detention Facility should be denied as moot as Plaintiff is no longer in custody there.[1]  Where a prisoner is challenging conditions of confinement and is seeking injunctive relief, transfer to another prison renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).  Here, there is no evidence that Plaintiff

---

[1] On June 10, 2016, Plaintiff filed a notice of change of his address from the Detention Facility in Bakersfield, California, to Wasco State Prison in Wasco, California.  (ECF No. 15.)  On October 21, 2016, Plaintiff filed a notice of change of address to the High Desert State Prison in Susanville, California, where Plaintiff is presently incarcerated.  (ECF No. 17.)

expects to be transferred back to the Detention Facility in Bakersfield.  Therefore, Plaintiff's motion should be denied as moot.

### III.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on July 27, 2018, be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**July 30, 2018**__          _____**/s/ Gary S. Austin**_____
                                                   UNITED STATES MAGISTRATE JUDGE

3