UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SERGEANT GRAVES, et al.,<br><br>　　　　Defendants. | 1:16-cv-00234-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE PROCEED AGAINST DEFENDANT FUENTES FOR VIOLATION OF DUE PROCESS, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 45.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN DAYS** |

**I.　BACKGROUND**

Plaintiff Monico J. Quiroga III ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On February 19, 2016, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  On November 29, 2016, the court dismissed the Complaint for failure to state a claim, with leave to amend.  (ECF No. 20.)  On December 23, 2016, Plaintiff filed the First Amended Complaint.  (ECF No. 21.)

On September 29, 2017, the court dismissed the First Amended Complaint for failure to state a claim, with leave to amend.  (ECF No. 33.)  On October 23, 2017, Plaintiff filed a Second Amended Complaint.  (ECF No. 34.)

1

On March 15, 2018, the court screened the Second Amended Complaint and issued an order for Plaintiff to either (1) file a Third Amended Complaint, or (2) notify the court he is willing to proceed only with the due process claim found cognizable by the court. (ECF No. 37.) On March 30, 2018, Plaintiff filed a Third Amended Complaint. (ECF No. 39.)

On August 21, 2018, the court screened the Third Amended Complaint and issued an order for Plaintiff to either (1) file a Fourth Amended Complaint, or (2) notify the court he is willing to proceed only with the due process claim found cognizable by the court. (ECF No. 44.) On September 6, 2018, Plaintiff filed a Fourth Amended Complaint, which is now before the court for screening. (ECF No. 45.)

## II. SCREENING REQUIREMENT

The *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union

Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FOURTH AMENDED COMPLAINT

Plaintiff is presently incarcerated at High Desert State Prison in Susanville, California. At the time of the events at issue in the Fourth Amended Complaint, Plaintiff was a pretrial detainee at the Kern County Sheriff's Detention Facility in Bakersfield, California. Plaintiff names as defendants Sergeant (Sgt.) Brenda Graves, Corporal Oscar Fuentes, and Deputy Gause (Classification) (collectively, "Defendants").

Plaintiff's allegations follow. On January 9, 2016, while Plaintiff was being held as a pretrial detainee, defendants Sgt. Graves, Corp. Fuentes, and Deputy Gause entered F-1 housing, instructed the inmates to stand against the wall, patted them down, and sent them to the recreation yard. Defendants then searched the unit.

When the inmates returned from the yard, Sgt. Graves told them to line up in front of their cell doors. Plaintiff was on the top tier, second floor, cell 107. Someone yelled at the inmates to enter their cells. As they began to comply a fight broke out on the bottom tier between two inmates about fifteen yards away. Defendant Graves was between Plaintiff and the incident on the bottom tier. She (Graves) yelled "Lock it up" and turned towards Plaintiff. As Plaintiff was entering his cell with his back turned, defendant Gause fired a round from his pepper ball gun from 25 yards away. When the door closed, Sgt. Graves fired a round at the vent.

Plaintiff was not a threat nor involved in the incident. Plaintiff believes it to be in retaliation for a petition, grievance, or Federal Civil Suit 1:15-cv-01697-DAD being heard the same day, January 9, 2016, because defendants Gause and Fuentes were also defendants in the

previous civil suit, and Plaintiff was moved 2 to 3 hours later and housed in administrative segregation without a write up or hearing. What happed next convinced Plaintiff he was being retaliated against. Plaintiff was escorted by defendant Fuentes and housed in a cell full of blood, urine, and feces on the floor and walls, with vomit on the bed and writing with blood on the walls. Plaintiff was denied a dinner tray.

On January 9, 2016, Plaintiff submitted an inmate grievance and received a response stating that although he was not involved in the altercation he was being investigated or labeled a 25er for a disturbance. Plaintiff caught a cold due to the conditions of confinement. Plaintiff asked to receive Hepatitis and HIV blood tests.

On January 18, 2016, Plaintiff filed a second grievance. Plaintiff's cell was searched and he was released from Ad-Seg Isolation without any hearing or write-up due to deputies involved and the previous incident where he was investigated, isolated in Ad-Seg, falsely labeled a Mano Neera, Mano Azul, Mafioso member, and placed in harm's way by real security threat groups.

Plaintiff requests monetary damages, declaratory judgment, and preliminary injunction.

## IV.    PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim,

Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

### A. **Rights of Pretrial Detainees**

Plaintiff was a pretrial detainee at the time of the events at issue. "[P]retrial detainees . . . possess greater constitutional rights than prisoners." Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987). A pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, but courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pre-trial detainees. See Pierce v. Cnty. of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008); Lolli v. Cnty. of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003); Or. Advocacy Ctr. v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003); Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996); Anderson v. Cnty. of Kern, 45 F.3d 1310, 1312-13 (9th Cir. 1995); Maddox v. City of Los Angeles, 792 F.2d 1408, 1414-15 (9th Cir. 1986). For example, where the pretrial detainee is claiming that prison officials are liable for a breach of the duty to protect the detainee from attack by other inmates and detainees, the court should utilize Eighth Amendment standards. See Redman v. Cnty. of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc); see also Pierce, 526 F.3d at 1209-13 (explaining that detainees in administrative segregation are entitled under the First and Eighth Amendments to ongoing participation in religious activities and adequate opportunities for exercise); Johnson v. Meltzer, 134 F.3d 1393, 1398 (9th Cir. 1998) (stating that Eighth Amendment establishes minimum standard of medical care for pretrial detainees).

Unless there is evidence of intent to punish, then those conditions or restrictions that are reasonably related to legitimate penological objectives do not violate pretrial detainees' right to be free from punishment. See Block v. Rutherford, 468 U.S. 576, 584 (1984) (citing Bell v. Wolfish, 441 U.S. 520, 538-39 (1979)); Pierce, 526 F.3d at 1205; Demery v. Arpaio, 378 F.3d 1020, 1028-29 (9th Cir. 2004) (holding that streaming live images of pretrial detainees to internet

users around the world through the use of world-wide web cameras was not reasonably related to a non-punitive purpose, and thus, violated the Fourteenth Amendment); Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1160-61 (9th Cir. 2003); Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002); White v. Roper, 901 F.2d 1501, 1504 (9th Cir. 1990); see also Florence v. Board of Chosen Freeholders of Cnty. of Burlington, 132 S. Ct. 1510, 1515-16 (2012). Order and security are legitimate penological interests. See White, 901 F.2d at 1504.

**B.     Due Process Claim -- No Hearing -- Adverse Conditions**

A pretrial detainee may not be subjected to disciplinary action without a due process hearing to determine whether he has in fact violated a jail rule. Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996); see also Bell, 441 U.S. at 535 (Fourteenth Amendment's Due Process Clause protects detainees from punishment prior to conviction); Wolff v. McDonnell, 418 U.S. 539, 564-565 (1974) (setting forth due process requirements for hearing prior to disciplinary action). Wolff requires that jail authorities allow an inmate who faces disciplinary proceedings and whose liberty interest is threatened to call witnesses in his defense, when permitting him to do so will not be unduly hazardous to institutional safety and correctional concerns. Mitchell, 75 F.3d at 525 (citing Wolff, 418 U.S. at 566.) Once a detainee has been placed in Ad-Seg, "prison officials must conduct some sort of periodic review of the confinement . . . ." Madrid v. Gomez, 889 F. Supp. 1146, 1278 (N.D. Cal. 1995).

Plaintiff alleges that he was in detained in a cell full of blood, urine, and feces on the floor and walls, with vomit on the bed and writing with blood on the walls, all without being given a write-up or hearing before he was moved to the cell. Plaintiff caught a cold from his conditions of confinement. After Plaintiff filed an inmate grievance he was released from Ad-Seg, without any hearing or write-up.

There is no due process right to be free from false disciplinary charges. There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and

incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)). Therefore, Plaintiff has no protected liberty interest against being falsely accused of causing a disturbance and being placed in Ad-Seg during the investigation.

Under the Due Process Clause, pretrial detainees have a right not to be subjected to conditions which amount to punishment. Id. at 535–37. If a particular jail condition is reasonably related to a legitimate government objective, it does not amount to punishment absent a showing of an express intent to punish. Id. at 538–39. Thus, pretrial detainees are protected "from conditions which in fact serve no valid purpose . . . but to inflict misery on them and thereby punish them." Martino v. Carey, 563 F.Supp. 984, 994 (D.Or. 1983) (citing Bell, 441 U.S. 520 at 538–39).

When a liberty interest has been implicated as the result of a disciplinary charge, the Fourteenth Amendment requires prison officials to provide the prisoner with: (1) written notice of the charges at least 24 hours before the hearing; (2) the opportunity to appear in person at the hearing, to call witnesses, and to present rebuttal evidence; and (3) a written statement by the factfinders of the evidence relied on for their decision and the reasons for the action taken by the committee. Wolff, 418 U.S. at 564–66; Freeman, 808 F.2d at 952 ("Although prisoners are entitled to be free from arbitrary action and conduct of prison officials, the protections against arbitrary action are the procedural due process requirements as set forth in Wolff v. McDonnell.") (internal quotation marks omitted). Once these protections have been provided, due process is satisfied if there is any evidence in the record that could support the conclusion reached by the officials. Toussaint, 801 F.2d at 1104–05.

"Unquestionably, subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." Anderson, 45 F.3d at 1314, opinion amended on denial of reh'g, 75 F.3d 448 (9th Cir. 1995) (citing cases, see, e.g., Gee v. Estes, 829 F.2d 1005, 1006 (10th Cir. 1987) (Eighth Amendment claim established

by allegations that prisoner was placed naked in a lice-infested cell with no blankets in below forty-degree temperatures, denied food or served dirty food, and left with his head in excrement while having a seizure); McCray v. Burrell, 516 F.2d 357, 366–69 (4th Cir. 1974) (prisoner placed naked in bare, concrete, "mental observation" cell with excrement-encrusted pit toilet for 48 hours after he allegedly set fire to his cell; prisoner had no bedding, sink, washing facilities, or personal hygiene items, and he was not seen by a doctor until after he was released), *cert. denied,* 426 U.S. 471, 96 S.Ct. 2640, 48 L.Ed.2d 788 (1976); []; LaReau v. MacDougall, 473 F.2d 974, 978 (2d Cir. 1972) (prisoner confined for five days in strip cell with only a pit toilet and without light, a sink, or other washing facilities), *cert. denied,* 414 U.S. 878, 94 S.Ct. 49, 38 L.Ed.2d 123 (1973)); see also Johnson, 217 F.3d at 731-32; Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985).

A conditions of confinement claim may also arise from the type of "egregious circumstances" alleged by Plaintiff in this matter. Moak v. Sacramento Cty., No. 215CV0640MCEKJNP, 2016 WL 393860, at *3 (E.D. Cal. Feb. 2, 2016), report and recommendation adopted, No. 215CV0640MCEKJNP, 2016 WL 8731337 (E.D. Cal. Mar. 4, 2016) (citing Walker v. Schult, 717 F.3d 119, 127 (2nd Cir. 2013) (citing, *inter alia*, LaReau, 473 F.2d at 978 ("Causing a man to live, eat and perhaps sleep in close confines with his own human waste is too debasing and degrading to be permitted."); Gaston v. Coughlin, 249 F.3d 156, 165-66 (2d Cir. 2001) (inmate stated an Eighth Amendment claim where the area in front of his cell "was filled with human feces, urine, and sewage water" for several consecutive days); Wright v. McMann, 387 F.2d 519, 521-22, 526 (2d Cir. 1967) (placement in cell for thirty-three days that was "fetid and reeking from the stench of the bodily wastes of previous occupants which . . . covered the floor, the sink, and the toilet," combined with other conditions, would violate the Eighth Amendment)). The Ninth Circuit also has held the deprivation of food, drinking water, and sanitation for four days was sufficiently serious to satisfy the objective component of an Eighth Amendment claim. Johnson, 217 F.3d at 732–733.

Plaintiff's ten-day confinement during an investigation, without more, does not give rise to a protected liberty interest. However, the court finds no apparent valid purpose related to a

legitimate government objective for housing Plaintiff in a cell full of blood, urine, and feces on the floor and walls, with vomit on the bed and writing with blood on the walls for nearly ten days. Therefore, the court finds that Plaintiff states a cognizable claim against defendant Fuentes for violation of his rights to due process.

### C. Excessive Force -- Eighth Amendment Jurisprudence[1]

To the extent that Plaintiff claims that excessive force was used against him when defendants Gause and Graves fired a pepper ball gun, Plaintiff fails to state a claim. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff fails to show that any of the Defendants purposely used pepper balls against him, or that he was subject to any force. Plaintiff alleges that defendants Graves and Gause shot their pepper ball guns in Plaintiff's direction, but there are no facts showing that the pepper balls struck Plaintiff, that they were used to punish Plaintiff, or that Plaintiff suffered any harm. Plaintiff has failed to allege or show that defendant Graves, or defendant Gause, applied force to him as punishment. To the contrary, Plaintiff's allegations indicate that the force used was applied in a good-faith effort to restore or maintain discipline against the two inmates who were fighting. Plaintiff has not alleged that he suffered or sustained any injury as a result of Defendants shooting

---

[1] As discussed above, a pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, but courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pre-trial detainees. See Pierce, 526 F.3d at 1205; Lolli, 351 F.3d at 418-19; Or. Advocacy Ctr., 322 F.3d at 1120; Gibson, 290 F.3d at 1187; Frost, 152 F.3d at 1128; Carnell 74 F.3d at 979; Anderson, 45 F.3d at 1312-13; Maddox, 792 F.2d at 1414-15.

their pepper ball guns, or that the alleged force came close to consisting of the type of force that was constitutionally excessive under the Eighth Amendment. See Hudson, 503 U.S. at 9–10.

Therefore, Plaintiff fails to state an excessive force claim against any of the Defendants.

**D.** **Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).

As discussed by the Ninth Circuit in Watison v. Carter:

> "A retaliation claim has five elements. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).
>
> Second, the plaintiff must claim the defendant took adverse action against the plaintiff. Id. at 567. The adverse action need not be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere *threat* of harm can be an adverse action...." Brodheim, 584 F.3d at 1270.
>
> Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. See Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108–09 (7th Cir. 1987).
>
> Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. Id. at 569.
>
> Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984)."

Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012).

The court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (9th Cir. 1995) (quoting Sandin v. Connor, 515 U.S. 472, 482 (1995)). The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

Plaintiff alleges that defendants Sgt. Graves and Deputy Gause shot at him, and that defendant Fuentes placed him in detention, in retaliation for Plaintiff exercising his rights to file grievances and a court case. There is no question that shooting at someone with pepper balls or pepper spray and placing him in detention under unsanitary conditions are adverse actions.

Plaintiff satisfies the third element of a retaliation claim by his allegation that he exercised his First Amendment rights to file grievances and a court action. However, Plaintiff fails to satisfy the second element, because he has not shown that any adverse action was taken against him *because* he had exercised his First Amendment rights. Plaintiff's argument that the timing of the acts shows retaliation is unpersuasive. Just because Plaintiff filed a court case against two of the officers, Plaintiff cannot claim, without more, that any adverse action against him by those officers is motivated by retaliation. To state a claim for retaliation Plaintiff must allege facts showing a connection between his exercise of protected rights and the adverse actions taken against him. Plaintiff has not done so. Therefore, Plaintiff fails to state a claim for retaliation against any of the Defendants.

### E. Deliberate Indifference to Safety

In the court's previous screening order issued on August 21, 2018, the court discussed Plaintiff's new allegations that he was falsely labeled a Mano Neera, Mano Azul, and Mafioso gang member and placed at risk of harm by real security threat groups when they housed him with other gang members. The court cautioned Plaintiff that if he sought to state a claim with these new allegations that was unrelated to his other claims in this case, he was prohibited from doing so under Rule 18. The court also found these new allegations, that he was falsely labeled a gang member and housed with other gang members, to be vague. The court found that Plaintiff failed to state a claim because he had not named any defendant for this violation of his rights,

11

alleged when and how the events happened, who falsely labelled him as a gang member, what criteria was used, who housed him with gang members, and whether he suffered any harm.

Plaintiff states these allegations again in the Fourth Amended Complaint, without adding supporting facts sufficient to state a claim. Therefore, this claim should be dismissed for failure to state a claim.

### F. Preliminary Injunction

As relief in the Fourth Amended Complaint, Plaintiff requests a preliminary injunction. However, Plaintiff has not indicated what type of injunctive relief he seeks, and therefore the court is unable to make a ruling at this juncture. Accordingly, Plaintiff's motion for preliminary injunction should be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

### G. Declaratory Relief

Plaintiff requests a declaratory judgment as relief in this case. This request should be denied because it is subsumed by Plaintiff's damages claim. See Rhodes, 408 F.3d at 565-66 n.8 (because claim for damages entails determination of whether officers' alleged conduct violated plaintiff's rights, the separate request for declaratory relief is subsumed by damages action); see also Fitzpatrick v. Gates, No. CV 00-4191-GAF (AJWx), 2001 WL 630534, at *5 (C.D. Cal. Apr. 18, 2001) ("Where a plaintiff seeks damages or relief for an alleged constitutional injury that has already occurred declaratory relief generally is inappropriate[.]")

Therefore, Plaintiff's request for declaratory relief should be denied.

## V. CONCLUSION AND RECOMMENDATIONS

For the reasons set forth, the court finds that Plaintiff's Fourth Amended Complaint states a cognizable due process claim against defendant Fuentes, but fails to state any other cognizable claims upon which relief may be granted under § 1983 against any of the Defendants.

Plaintiff has now filed five complaints with ample guidance by the court and has stated only one cognizable claim under the Fourteenth Amendment, against defendant Fuentes. The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez

v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that:

1. This case proceed with Plaintiff's Fourth Amended Complaint against defendant Oscar Fuentes, for violation of due process under the Fourteenth Amendment;
2. All other claims and defendants be dismissed from this case for Plaintiff's failure to state a claim;
3. Plaintiff's claims for excessive force, retaliation, and for being labeled a gang member and placed in harm's way be dismissed from this case for Plaintiff's failure to state a claim;
4. Defendants Graves and Gause be dismissed from this case based on Plaintiff's failure to state any claims against them;
5. Plaintiff's request for preliminary injunctive relief be denied, without prejudice;
6. Plaintiff's request for declaratory relief be denied; and
7. This case be referred back to the Magistrate Judge for further proceedings, including initiation of service of process.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 15, 2018**          **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE