UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA III,<br><br>    Plaintiff,<br><br>    v.<br><br>SERGEANT GRAVES, et al.,<br><br>    Defendants. | 1:16-cv-00234-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED**<br>**(ECF No. 60.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

### I.    PROCEDURAL HISTORY

Monico J. Quiroga III ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 19, 2016. (ECF No. 1.) This case now proceeds with Plaintiff's Fourth Amended Complaint filed on September 6, 2018, against defendant Corporal Oscar Fuentes for violation of due process under the Fourteenth Amendment. (ECF No. 45.)

On April 19, 2019, Plaintiff filed a motion for protective order, which the court construes as a motion for preliminary injunctive relief. (ECF No. 60.)

1

## II. PRELIMINARY INJUNCTION

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

## III. BACKGROUND

Plaintiff alleges in the Fourth Amended Complaint that in 2016, when he was a pretrial detainee at the Kern County Sheriff's Detention Facility in Bakersfield, California, he was escorted by defendant Fuentes after an altercation between inmates and detained in an unsanitary cell. On December 18, 2018, the court found service of the complaint appropriate on defendant Fuentes. (ECF No. 49.) On April 5, 2019, defendant Fuentes filed an answer. (ECF No. 55.)

On July 26, 2018, Plaintiff filed a motion for preliminary injunction to enjoin Kern County Sheriff's deputies from acting against him. (ECF No. 41.) The court denied that motion. (ECF No. 46.)

## IV. DISCUSSION

Plaintiff now requests a "protective order or keep away" because of an upcoming hearing "for restitution modification and small claims and request to modify child support" that will cause him to be "in imminent danger from being assaulted again by defendants or harassed while in their custody." (ECF No. 60 at 1.) Plaintiff's current motion is similar to his prior one, which this court denied. (See ECF Nos. 42, 46.)

Plaintiff is currently incarcerated at High Desert State Prison in Susanville, California, in the custody of the California Department of Corrections and Rehabilitation. To the extent that Plaintiff seeks injunctive relief against officers at High Desert State Prison, Plaintiff's motion should be denied because the court lacks jurisdiction over those officers. An order enjoining those officers would enjoin persons who are not defendants in this action and who are not before the court. The court "may not attempt to determine the rights of persons not before the court." Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983).

To the extent that Plaintiff seek injunctive relief against defendant Fuentes or any other officer at the Kern County Sheriff's Detention Facility, Plaintiff's motion should be denied as moot because Plaintiff is no longer in custody there.[1] Where the prisoner is challenging conditions of confinement and is seeking injunctive relief, transfer to another prison renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007). Here, there is no evidence that Plaintiff expects to be transferred back to the Detention Facility in Bakersfield.

## V. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on April 19, 2019, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v.

---

[1] On June 10, 2016, Plaintiff filed a notice of change of his address from the Detention Facility in Bakersfield, California, to Wasco State Prison in Wasco, California. (ECF No. 15.) On October 21, 2016, Plaintiff filed a notice of change of address to the High Desert State Prison in Susanville, California, where Plaintiff is presently incarcerated. (ECF No. 17.)

Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 22, 2019**     **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE